**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000857
20-FEB-2015
08:04 AM**

NO. CAAP-12-0000857

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CHENIEL M.A. NAKAGAWA-PALI, aka Chenlel
M.A. Nakagawa-Pali, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR NO. 12-1-1284)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Reifurth, JJ.)

Defendant-Appellant Cheniel M.A. Nakagawa-Pali, also known as Chenlel M.A. Nakagawa-Pali, appeals from the Judgment of Conviction; Notice of Entry, filed on August 22, 2012, in the Family Court of the First Circuit ("Family Court").[1] After a jury trial, the Family Court found Nakagawa-Pali guilty of abuse of family or household members pursuant to Hawaii Revised Statutes § 709-906(1),[2] and sentenced her, in part, to two years of probation and two days in jail.

On appeal, Nakagawa-Pali argues that the Family Court wrongly convicted her where her trial counsel provided ineffective assistance for failing to object to (1) a police officer's testimony that the complaining witness ("CW") told the officer that Nakagawa-Pali attacked the CW and caused him pain, and (2) a police officer's single reference to the CW as the "victim."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[1] The Honorable Jeannette H. Castagnetti presided.

[2] HRS § 709-906(1) (Repl. 2014) provides, in relevant part, "It shall be unlawful for any person . . . to physically abuse a family or household member . . . ."

the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve the appeal as follows, and affirm:

(1) Trial counsel elicited hearsay testimony by Officer Ty T.K. Ah Nee and failed to object when the State also elicited such testimony from Officer Ah Nee. *See* Haw. R. Evid. 801 & 803; *State v. Eastman*, 81 Hawai'i 131, 136, 913 P.2d 57, 62 (1996). Nevertheless, any error by trial counsel was harmless where Officer Ah Nee's testimony was cumulative of the CW's written statement to the police, which was received into evidence. *See State v. Crisostomo*, 94 Hawai'i 282, 290, 12 P.3d 873, 881 (2000).

(2) Trial counsel erred by failing to object to Officer Mark Kishimoto's single reference to the CW as the "victim." *State v. Nomura*, 79 Hawai'i 413, 416, 903 P.2d 718, 721 (App. 1995). Nevertheless, the error was harmless in light of the substantial evidence—including the CW's statement to the police, photographs of the CW taken by the police, and testimony given at trial—supporting the conviction. *See State v. Mundon*, 129 Hawai'i 1, 26, 292 P.3d 205, 230 (2012) (concluding that references by prosecutor and witnesses to the complaining witness as "the victim" were harmless error).

Therefore, IT IS HEREBY ORDERED that the Judgment of Conviction; Notice of Entry, filed on August 22, 2012, in the Family Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawai'i, Feburary 20, 2015.

On the briefs:

Randall K. Hironaka
(Miyoshi & Hironaka)
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Craig H. Nakamura
Chief Judge

Daniel R. Foley
Associate Judge

Lawrence M Reifurth
Associate Judge